4

SEMAC INDUSTRIES, INC., APPELLANT, *v.* COLLINS, TAX
COMMR., APPELLEE.

(No. 76-141—Decided October 6, 1976.)

Messrs. *Schuler, Schuler, Waltman & Miller* and *Mr.
John R. Waltman,* for appellant.

Mr. *William J. Brown,* attorney general, and *Mr. John
C. Duffy, Jr.,* for appellee.

*Per Curiam.* The Board of Tax Appeals found that
the equipment in issue is utilized by taxpayer to unload
logs from incoming trucks, to sort and store the logs by
grade and length and to convey selected logs to the mill
machinery which debarks the logs. Thereafter, the logs
are sawed and processed further.

Appellant (taxpayer) contends that the "direct-use"
exception of R. C. 5739.01(E)(2) applies, since the equip-
ment is primarily used in processing the logs from stand-
ing timber which appellant fells and delivers to its plant.
Appellant submits further that the fork lift constitutes

handling and transportation equipment used to transport partially processed material between stages of manufacturing, and is excepted from taxation under R. C. 5739.02(B) (16).

This court, however, is in agreement with the determination of the Board of Tax Appeals that the manufacturing process herein commences at the debarking stage, and that there is no transformation or conversion of the raw material prior to that time. See *Interlake* v. *Kosydar* (1975), 42 Ohio St. 2d 457, 459. The fork-lift equipment is involved in " "* * * operations *preliminary* and *preparatory* to manufacturing or processing, and * * * [is] not used or consumed directly in producing tangible personal property for sale by manufacturing or processing within the contemplation of the applicable statutes, and hence * * * [its] purchase or use * * * [is] not excepted from taxation' * * *." *Ohio Ferro-Alloys Corp.* v. *Kosydar* (1973), 34 Ohio St. 2d 113, 117.

The decision of the Board of Tax Appeals is neither unreasonable nor unlawful, and is, therefore, affirmed.

*Decision affirmed.*

O'NEILL, C. J., HERBERT, CORRIGAN, STERN, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.